Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 CR 830 | **DATE** | 11/21/2000 |
| **CASE TITLE** | United States of America vs. Richard Nunes | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: We, therefore, overrule defendant's objection and adopt the calculations of the probation officer in the presentece Investigation Report.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 22 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 57 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 00 NOV 21 PM 5: 08 | | |
| TSA | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA, )
)
        Plaintiff, )
) No. 99 CR 830
v. )
) Judge Wayne R. Andersen
RICHARD NUNES, )
)
        Defendant. )

DOCKETED
NOV 22 2000

## MEMORANDUM OPINION AND ORDER

A jury convicted defendant, Richard Adolphus Nunes, for re-entering the United States after previously being deported in violation of 8 U.S.C. § 1326(b)(2). The probation officer found that under 8 U.S.C. § 1326(b)(2) and the Sentencing Guideline for defendant's offense that he was subject to an enhanced sentencing range because he had previously been convicted of multiple aggravated felonies. Defendant objects to this sentencing enhancement based on the recent Supreme Court opinion in <u>Apprendi v. New Jersey</u>, 120 S. Ct. 1219 (2000) in which the Court held that sentencing enhancements which, when applied, yield a sentence exceeding the statutory maximum for the charged crime must be proven beyond a reasonable doubt to a jury as an element of the offense. The government concurs with the probation officer's calculations and urges us to apply them. For the reasons stated below, we agree with the probation officer's calculations and overrule the defendant's objection.

The United States Sentencing Commission Guideline for defendant's offense is found in U.S.S.G. §2L1.2(a), which calls for a base level offense of 8. Pursuant to U.S.S.G. § 2L1l2(b)(1)(A), the probation officer assessed an additional sixteen level increase in defendant's

offense level because defendant previously had been convicted of six aggravated felonies. (Both the statute and the guideline provide for a sentencing enhancement when a defendant has been convicted of at least one aggravated felony.) Defendant, who went to trial and refused to acknowledge his guilt after trial, did not receive an adjustment for acceptance of responsibility. Because defendant's criminal history placed him in Category VI, his adjusted offense level yielded a sentencing range of 100-125 months in the custody of the Attorney General.

The statutory maximum for a violation of 8 U.S.C. § 1326 depends on defendant's criminal history. The statutory provision at issue here, 8 U.S.C. § 1326(b)(2), provides that a defendant who is deported after a conviction for an aggravated felony may be subject to a maximum sentence of twenty years in the custody of the Attorney General.

In Almendarez-Torres v. United States, 523 U.S. 224 (1998), the Supreme Court held that 8 U.S.C. § 1326(b)(2) did not set forth a separate criminal offense, but merely provided a penalty for the offense. Therefore, the majority Court, comprised of Justices Breyer, Rehnquist, O'Connor, Kennedy and Thomas, concluded that the government need not prove the underlying felony as a separate element of the offense. The majority Court's reasoning primarily was grounded in principles of statutory construction in an effort to determine whether Congress intended to create a separate offense. However, the Court also addressed whether a court may assess such a sentencing enhancement without requiring that the government prove it as a separate element of the crime without violating the defendant's due process rights. In rejecting that contention, the Court first emphasized that an offender's recidivism has been a traditional basis to increase his sentence and further noted that to hold otherwise "would mark an abrupt departure from a longstanding tradition of treating recidivism as 'go[ing] to the punishment only.'" Id., citing Graham v. West Virginia,

224 U.S. 616, 629 (1912). The Court also stated that Congress has never made the defendant's recidivism an element of the offense where the conduct proscribed is otherwise unlawful. Almendarez-Torres, 523 U.S. at 243.

Defendant argues that this holding was abrogated, or at least significantly weakened, in Apprendi, supra. We agree with defendant that the majority Court in that case, which was comprised of all of the dissenters in the Almendarez-Torres and Justice Thomas, rejected much of the logical underpinnings of that case. In addition, Justice Thomas, who had joined the majority opinion in Almendarez-Torres, devoted much of his concurring opinion to an argument that recidivism should be (and historically has been) an element of the offense, a position that he apparently rejected two years earlier. However, the majority opinion, as the government argues, specifically let the Almendarez-Torres holding stand.

In Apprendi, the Court held that, *other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. In that case, the petitioner challenged a New Jersey so-called "hate crime" statute which permitted the sentencing court to authorize such an increase if it found by a preponderance of the evidence that defendant acted with a purpose to intimidate the victim based on particular characteristics of the victim. The Court held that such a fact must be proven as an element of the offense beyond a reasonable doubt to the jury.

The Apprendi Court specifically addressed the seeming conflict between its decision and the prior decision in Almendarez-Torres. It distinguished that case on two different grounds. First, the court noted that the defendant in that case had, by virtue of his plea agreement, admitted all three of the earlier aggravated felonies. Second, the Court stressed that because those convictions "had been

3

entered pursuant to proceedings with substantial procedural safeguards of their own", there was no question concerning the right to a jury trial or the standard of proof that would apply to a contested issue of fact." Id. at 2348. Thus, the Apprendi court appeared to carve out a narrow exception to its broader holding which would require every other so-called "sentencing enhancement" which has the effect of increasing defendant's sentence beyond the prescribed statutory maximum to be proven as an element of the offense. However, "[b]oth the certainty that procedural safeguards attached to any "fact" of prior conviction, and the reality that Almendarez-Torres did not challenge the accuracy of that "fact" in his case, mitigated the due process and Sixth Amendment concerns otherwise implicated in allowing a judge to determine a "fact" increasing punishment beyond the maximum of the statutory range." Apprendi, 120 S. Ct. at 2361.

Although we agree with defendant that the court's reasoning in Apprendi seems to undermine the holding in the Almendarez-Torres case, we agree with the government that we must follow Almendarez-Torres unless the Supreme Court explicitly overrules that case, which it seems thus far disinclined to do. As the government points out, the Court recently declined to rehear Almendaerz-Torres. Almendarez-Torres v. United States, No. 96-6839, 2000 WL 1269776 (U.S. Sept. 8, 2000). Our own Seventh Circuit recognized the continuing viability of Almendarez-Torres in United States v. Smith, 223 F.3d 554, 563-65 (7th Cir. 2000) We recognize that, in this case, defendant did not admit the previous convictions in a plea agreement as was the case in Almendarez-Torres. However, we note that, when questioned about his numerous felonies, defendant did not dispute them and, in fact, certfied copies of those convictions were admitted as evidence at defendant's trial. Further, and most importantly, these crimes, having previously been proven in state court, possess the procedural safeguards which the Supreme Court highlighted as

4

important in distinguishing Almendarez-Torres from Apprendi. We do not believe, as defendant argues, that his case is distinguishable from Almendarez-Torres because the defendant in that case challenged the sufficiency of the indictment and not the applicable maximum penalty. Apprendi makes clear that, at least for the time being, the Court recognizes the fact of a prior conviction as an exception to its announced holding.

We, therefore, overrule defendant's objection and adopt the calculations of the probation officer in the Presentence Investigation Report.

Wayne R. Andersen
United States District Judge

Dated: November 21, 2000

5